1 PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
2 CATHERINE M. CABALO (SBN 248198)
LAW OFFICES OF PAUL L. REIN
3 200 Lakeside Drive, Suite A
Oakland, CA 94612
4 Telephone: 510/832-5001
Facsimile: 510/832-4787
5
Attorneys for Plaintiff
6 AL DE LA CAMPA

7

8                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
9

10 AL DE LA CAMPA,                    CASE NO.  **C13-2184**
                                     Civil Rights
11      Plaintiff,
                                     COMPLAINT FOR PRELIMINARY AND
12                                   PERMANENT INJUNCTIVE RELIEF AND
                                     DAMAGES: DENIAL OF CIVIL RIGHTS
13 v.                                AND ACCESS TO PUBLIC FACILITIES TO
                                     PHYSICALLY DISABLED PERSONS, PER
14                                   CALIFORNIA STATUTES (INCLUDING
                                     CIVIL CODE §§ 51, 52, 54, 54.1, and 54.3;
15 BENIHANA, INC.;BENIHANA           BUSINESS & PROFESSIONS CODE
NATIONAL CORPORATION;                §§ 17200 *et seq*; and HEALTH & SAFETY
16 EQUITY ONE, INC.; ANGELO,         CODE §§ 19955 *et seq.*); INJUNCTIVE
GORDON & CO., L.P.; and              RELIEF PER TITLE III, AMERICANS
17 DOES 1-20, inclusive,             WITH DISABILITIES ACT OF 1990

18      Defendants.
                                     DEMAND FOR JURY TRIAL
   _____/
19

20          Plaintiff AL DE LA CAMPA complains of Defendants BENIHANA,

21 INC.; BENIHANA NATIONAL CORPORATION; EQUITY ONE, INC.;

22 ANGELO, GORDON & CO., L.P.; and DOES 1-20, inclusive, and each of them,

23 and alleges as follows:

24          1.     **INTRODUCTION:** This case involves the denial of accessible

25 restaurant facilities, including denial of accessible entrances, seating, exterior and

26 interior paths of travel, parking facilities and restrooms to plaintiff AL DE LA

27 CAMPA and other disabled persons at the Benihana restaurant, located at 1989

28 Diamond Blvd, Concord, California. Plaintiff AL DE LA CAMPA is a "person

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -1-          S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1   with a disability" or "physically handicapped person." Plaintiff is disabled by
2   knee injuries and multiple knee surgeries, often requires the use of a wheelchair
3   and/or crutches for ambulation, and finds it difficult to use portions of public
4   facilities which are not accessible to mobility disabled persons including those
5   who require the use of a wheelchair. During visits to the Benihana restaurant on
6   or about November 2, 2012, November 10, 2012, and January 23, 2013, plaintiff
7   was denied his rights to full and equal access at these facilities, and was denied
8   his civil rights under both California law and federal law, as hereinbelow
9   described, because these facilities were not, and are not now, properly accessible
10  to physically disabled persons, including those who use wheelchairs or other
11  mobility assistive devices. Despite plaintiff's complaints to management at the
12  time of his first specified visit, no improvements to access appear to have been
13  made. Plaintiff seeks injunctive relief to require defendants to make these
14  facilities accessible to disabled persons and to ensure that any disabled person
15  who attempts to use the facilities will be provided accessible and usable facilities.
16  Plaintiff also seeks recovery of damages for his discriminatory experiences,
17  denials of access and denials of his civil rights, which denials are continuing as a
18  result of defendants' failure to provide disabled accessible facilities. Plaintiff also
19  seeks recovery of reasonable attorney fees, litigation expenses and costs,
20  according to statute.

21      2.   **JURISDICTION:** This Court has jurisdiction of this action
22  pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act
23  of 1990, 42 USC §§ 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and
24  related causes of action arising from the same facts are also brought under
25  California law, including but not limited to violations of California Government
26  Code § 4450 *et seq.*; Health & Safety Code §§ 19955-19959; California Civil
27  Code §§ 51, 52, 54, 54.1, and 54.3; California Business & Professions Code
28  §§ 17200 *et seq.*; and Title 24 California Code of Regulations.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -2-          S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1    3.    **VENUE:** Venue is proper in this court pursuant to 28 USC
2  § 1391(b) and is founded on the fact that the real property which is the subject of
3  this action is located in this district and that plaintiff's causes of action arose in
4  this district.

5    4.    **PARTIES:** Plaintiff is a qualified physically disabled person who
6  has difficulty walking due to his disabilities and who has often required use of a
7  wheelchair or crutches for locomotion. He is awaiting further knee surgery in the
8  next six months and expects to require use of a wheelchair for an unknown period
9  of time after such surgery. He has been issued a "disabled" parking placard by
10  the State of California. Defendants BENIHANA, INC.; BENIHANA
11  NATIONAL CORPORATION; EQUITY ONE, INC.; ANGELO, GORDON &
12  CO., L.P.; and DOES 1-20, inclusive, are the owners, operators, lessors, and
13  lessees of the business, property, building and/or portions thereof located at 1989
14  Diamond Blvd, Concord, California. This restaurant, Benihana (hereinafter also
15  "Restaurant"), is a "public accommodation and business establishment" subject to
16  the requirements of California Health & Safety Code § 19955 *et seq.* and of
17  California Civil Code §§ 54 *et seq*. On information and belief, such facilities
18  have, since July 1, 1970, undergone construction and/or "alterations, structural
19  repairs, or additions" subjecting such building and its parking areas to disabled
20  access requirements per Health & Safety Code §§ 19955-19959 *et seq*. On
21  information and believe, alterations since July 1, 1982 have also subjected the
22  building and parking lot to disabled access requirements of California's Title 24,
23  the State Building Code. Further, irrespective of the alteration history, such
24  premises are subject to the "readily achievable" barrier removal requirements of
25  Title III of the Americans With Disabilities Act of 1990.

26    5.    The true names and capacities of defendants Does 1 through 20,
27  inclusive, are unknown to plaintiff who therefore sues said defendants by such
28  fictitious names. Plaintiff is informed and believes that each of the defendants

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -3-          S:\CASES\B\BENIHANA\PLEADING\BENIHANA.CMP.wpd

1  herein designated as a Doe is legally responsible in some manner for the events
2  and happenings herein referred to and caused injury and damages proximately
3  thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to
4  show such true names and capacities when the same have been ascertained.

5       6.    Defendants BENIHANA, INC.; BENIHANA NATIONAL
6  CORPORATION; EQUITY ONE, INC.; ANGELO, GORDON & CO., L.P.; and
7  DOES 1-20, inclusive, are and were the owners, operators, lessors and/or lessees
8  of the subject business, property and/or building at all times relevant to this
9  Complaint. Plaintiff is informed and believes that each of the defendants herein is
10  the agent, employee or representative of each of the other defendants, and
11  performed all acts and omissions stated herein within the scope of such agency or
12  employment or representative capacity and is responsible in some manner for the
13  acts and omissions of the other defendants in proximately causing the damages
14  complained of herein.

16  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
17  **IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, California Civil Code**
18  **§§ 54 and 54.3, California Business & Professions Code §§ 17200 *et seq.*)**

19       7.    Plaintiff repleads and incorporates by reference, as if fully set forth
20  again herein, the factual allegations contained in Paragraphs 1 through 6, above,
21  and incorporates them herein by reference as if separately repled hereafter.

22       8.    Plaintiff AL DE LA CAMPA and other similarly situated physically
23  disabled persons who are mobility disabled, including but not limited to those
24  who require the use of a wheelchair, crutches, cane or other assistive device, are
25  unable to use public facilities on a "full and equal" basis unless each such facility
26  is in compliance with the provisions of California Health & Safety Code
27  §§ 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights
28  are protected by the provisions of Health & Safety Code §§ 19955 *et seq.*

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -4-

1        9.     Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o
2  ensure that public accommodations or facilities constructed in this state with
3  private funds adhere to the provisions of Chapter 7 (commencing with Section
4  4450) of Division 5 of Title 1 of the Government Code." On information and
5  belief, the provisions of both Health and Safety Code §§ 19955 and 19955.5,
6  apply to the Restaurant, business, building, parking lot and premises located at
7  1989 Diamond Blvd, Concord, California. The code relating to such public
8  accommodations also requires that "When sanitary facilities are made available
9  for the public, clients, or employees . . ., they shall be made available for persons
10  with disabilities." Title 24, California Code of Regulations, formerly known as
11  the California Administrative Code, was in effect at the time of each alteration
12  which, on information and belief, occurred at such public facility since July 1,
13  1982, thus requiring access complying with the specifications of Title 24
14  whenever each such "alteration, structural repair or addition" was carried out. On
15  information and belief, defendants and/or their predecessors in interest carried out
16  alterations, structural repairs, or additions to the building during the period Title
17  24 has been in effect. On information and belief, alterations, structural repairs, or
18  additions which triggered access requirements also occurred between July 1, 1970
19  and July 1, 1982, and required access pursuant to the A.S.A. (American Standards
20  Association) Regulations then in effect, pursuant to the incorporated provisions of
21  California Government Code §§ 4450 *et seq*. and California Health & Safety
22  Code § 19959.

23       10.   **FACTUAL STATEMENT:** On or about November 2, 2012,
24  plaintiff AL DE LA CAMPA went to the Benihana restaurant, 1989 Diamond
25  Blvd., in the Willows Shopping Center, Concord, to have a meal with his wife.
26  Plaintiff was using his wheelchair due to his inability to walk as a result of knee
27  surgery. On information and belief, there were no properly configured and
28  signed disabled parking spaces available for patrons of the Restaurant, and the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -5-    S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1    parking lot signage and exterior paths of travel did not comply with Title 24 and
2    ADAAG requirements. When plaintiff approached the entrance to the Restaurant
3    in his wheelchair he found it difficult and uncomfortable to follow the path of
4    travel to the entrance due to a rock studded and uneven walkway surface. At the
5    Restaurant's entrance he was unable to open the exterior entry double doors due
6    to their excessive weight, and, to his embarrassment, required the assistance of
7    others to enter. Once inside the exterior doors he encountered another set of
8    heavy, double glass doors, again was unable to open the doors due to their
9    excessive weight, and again required assistance to enter. Plaintiff complained
10    about the entry doors to several Restaurant management employees prior to his
11    being seated. Plaintiff also complained to Restaurant management about the lack
12    of proper wheelchair seating and paths of travel around and between the tables,
13    which caused him difficulty in reaching a table. He also had difficulty fitting
14    under the table a sufficient distance to eat comfortably rather than having to eat
15    his food at an uncomfortable distance from the table because the table was not
16    designed and configured for use by disabled wheelchair users.

17      11.    After eating, plaintiff had need to use the restroom. He had great
18    difficulty entering the (men's) restroom due to the excessive weight of the
19    restroom door and it's poor design and configuration, requiring plaintiff to
20    request assistance from another Restaurant patron, a stranger, to hold the door
21    open for plaintiff to enter, again causing him embarrassment. Once inside the
22    restroom, plaintiff saw that he could not use either of the two toilet stalls due to
23    their inaccessible configuration, and was forced to limit his restroom use to a
24    urinal. In frustration and physical discomfort from his continuing need to use a
25    restroom, plaintiff left the Restaurant to seek an accessible restroom elsewhere.
26    Each of the barriers encountered caused plaintiff to suffer difficulty, discomfort
27    and embarrassment, all to his physical, mental and emotional damages.

28      12.    On December 12, 2012, plaintiff and his wife returned to the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -6-    S:\CASES\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1  Benihana with their two sons for lunch because it was the birthday of one of his
2  son's and Benihana was his son's favorite restaurant. Plaintiff was again using
3  his wheelchair and again was unable to open either of the two sets of entrance
4  doors without assistance. Again he had trouble with the paths of travel between
5  the tables, and maneuvering between the tables and forcing other patrons to leave
6  their seats in order to allow him to pass by in his wheelchair, causing him
7  unwanted attention and embarrassment. None of the tables appeared wheelchair
8  accessible, and even when he found seating at the "corner" of one of the tables, to
9  allow him to approach the table, he found that the table's configuration - with
10  inadequate "knee space" and space for his footrests - forced him to sit too far
11  from the table to comfortably reach his food.

12      13.  After the family had lunch, and after paying the bill, plaintiff had
13  need to use the men's restroom, but again needed assistance to enter due to the
14  excessive weight of the door and improper configuration of the restroom, with
15  another person having to hold the door open for him. Inside the restroom there
16  was a toilet stall which apparently was intended to be the "disabled accessible"
17  stall. However, the stall was improperly configured, with the stall door opening
18  into the stall space. This left no room for a wheelchair to fit inside and allow the
19  wheelchair user to close the stall door for privacy; nor was there room inside the
20  stall to approach or use the toilet, particularly because the stall door opened in
21  instead of out. Plaintiff also could not close the door to achieve any privacy.
22  Because of the improper configuration of the restroom, use of the sink for
23  handwashing was also difficult as plaintiff's wheelchair blocked other persons
24  from entering the restroom and caused the restroom entry door to strike plaintiff
25  in his wheelchair. The narrow exit door from the restroom caused plaintiff to
26  scrape his knuckles while using his hands to propel his wheelchair.

27      14.  On or about January 23, 2013, plaintiff made one more attempt to
28  patronize this Benihana restaurant with his wife and sons, this time using crutches

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -7-          S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1    instead of his wheelchair. He again faced difficulty on entering and exiting the

2    Restaurant and still required other persons' assistance with the two excessively

3    heavy sets of double doors, and had other problems similar to those he

4    experienced on his prior visits. Plaintiff again complained about the access

5    problems to the hostess at the reception desk, and was again assured that she

6    would bring these problems to the attention of management. However, on

7    information and belief, none of the subject access barriers were subsequently

8    removed, as confirmed by a visit and informal investigation of the Restaurant by

9    plaintiff's CASp certified access consultant prior to the filing of this lawsuit.

10       15.    As a result of the described access barriers, plaintiff suffered

11    physical, mental and emotional damages, including difficulty, discomfort and

12    embarrassment, as he had on his previous two visits. Again, his complaints to the

13    hostess and apparent management personnel brought apologies, but apparently no

14    action to rectify the access problems. Plaintiff has brought this lawsuit in an

15    effort to require that the owners and operators of the subject restaurant and

16    property provide facilities accessible to and usable by plaintiff and other mobility

17    disabled persons.

18       16.    On information and belief, before filing this lawsuit, plaintiff's legal

19    representatives had a CASp-certified access consultant with more than 25 years

20    experience do an informal investigation of the premises. While he could not

21    make detailed measurements, he determined that the Restaurant appeared to be

22    inaccessible to mobility disabled persons, such as plaintiff, in multiple ways,

23    including but not limited to the following: the lack of the required number of

24    properly configured parking spaces; the Restaurant's entrance door lacked a level

25    landing, lacked proper hardware, was excessively heavy, and had insufficient

26    strike edge clearance; the entryway path of travel was not smooth and level,

27    making the route bumpy and uncomfortable for use by wheelchair users; the

28    interior paths of travel were not sufficiently wide; there was insufficient knee

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -8-            S:\CASES\R\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1 space for wheelchair use at all of the tables, and insufficient space for a
2 wheelchair user to sit anywhere without blocking the aisleways; the men's
3 restroom was inaccessible in multiple ways, including the lack of lever-type
4 hardware on the restroom door, lack of sufficient strike edge clearance on the
5 outside of the door, insufficient clear opening width of the doorway, lack of
6 sufficient landing space on the inside of the door, insufficient turning radius
7 inside the restroom, improper locking mechanism on the stall door for disabled
8 use, improperly sized and located toilet, insufficient clear floor space beside the
9 toilet, toilet grab bars of insufficient length, improperly located toilet paper
10 dispenser, sink counter of improper height and lacking sufficient clear floor space
11 in front of the sink, no knee space below the sink (which is enclosed in a cabinet),
12 improper hardware on the sink, and improper location and mounting of the
13 sanitary seat cover dispenser; all rendering these premises inaccessible to and
14 unusable by physically disabled persons.  All of these items should be corrected
15 as part of the injunctive relief request of plaintiff's lawsuit. All facilities must be
16 brought into compliance with all applicable federal and state code requirements.
17 Further, plaintiff reserves the right to seek leave to amend this Complaint after
18 inspection of the Restaurant premises by his access consultants during this
19 litigation, pursuant to the 9th Circuit's holding in *Doran v. 7-Eleven, Inc.*, 524
20 F.3d 1034 (9th Cir. 2008).

21     17.    Further, each and every violation of the Americans With Disabilities
22 Act of 1990 (as pled in the Second Cause of Action, *infra*, the contents of which
23 are repled and incorporated herein, word for word, as if separately repled), also
24 constitutes a separate and distinct violation of  California Civil Code § 54(c), thus
25 independently justifying an award of damages and injunctive relief pursuant to
26 California law, including but not limited to Civil Code §§ 54.3 and Business &
27 Professions Code §§ 17200 *et seq*.

28     18.    Further, each and every violation of the Americans With Disabilities

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -9-       S:\CASES\B\BENBJANA\PLEADINGS\BENBJANA.CMP.wpd

1   Act of 1990 (as pled in the Second Cause of Action hereinbelow, the contents of
2   which are repled and incorporated herein, word for word, as if separately repled),
3   also constitutes a separate and distinct violation of Civil Code § 54.1(d), thus
4   independently justifying an award of damages and injunctive relief pursuant to
5   California law, including but not limited to Civil Code § 54.3 and Business &
6   Professions Code §§ 17200 *et seq*.

7        19.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit
8   the acts and omissions of defendants as complained of herein which are
9   continuing on a day-to-day basis and which have the effect of wrongfully
10  excluding plaintiff and other members of the public who are physically disabled,
11  including but not limited to wheelchair users, from full and equal access to these
12  public facilities.  Such acts and omissions are the cause of humiliation and mental
13  and emotional suffering of plaintiff in that these actions continue to treat plaintiff
14  as an inferior and second class citizen and serve to discriminate against him on
15  the sole basis that he is a person with disabilities who requires disabled accessible
16  facilities in order to enjoy the premises on a full and equal basis.  Plaintiff is
17  deterred by knowledge of the inaccessibility of the premises from returning to use
18  these facilities and is unable, so long as such acts and omissions of defendants
19  continue, to achieve equal access to and use of these public facilities.  Plaintiff
20  therefore is deterred from returning to use the subject premises and its facilities
21  until these facilities are made properly accessible for disabled persons.  Plaintiff
22  alleges that he intends to so return once legally required access has been
23  provided.  The acts of defendants have proximately caused and will continue to
24  cause irreparable injury to plaintiff if not enjoined by this Court.  Plaintiff seeks
25  injunctive relief as to all areas of the premises that he has personally encountered.
26  Further, as to all areas identified before or during this litigation by plaintiff's
27  access consultant, that he or other physically disabled persons may encounter in
28  the future (under the 9th Circuit's holding in *Doran v. 7-Eleven, Inc.* 524 F.3d

1  1034 (9th Cir. 2008)) plaintiff prays leave to amend this complaint to obtain
2  injunctive relief. As to those of the defendants that currently own, operate, and/or
3  lease (from or to) the subject premises, plaintiff seeks preliminary and permanent
4  injunctive relief to enjoin and eliminate the discriminatory practices and barriers
5  that deny full and equal access for disabled persons; to require maintenance of all
6  accessible features once they are provided; and for reasonable statutory attorney
7  fees, litigation expenses and costs.

8      20.    Wherefore plaintiff asks this Court to preliminarily and permanently
9  enjoin any continuing refusal by defendants to grant full and equal access to
10 plaintiff in the respects complained of and to require defendants to comply
11 forthwith with the applicable statutory requirements relating to access for disabled
12 persons. Such injunctive relief is provided by California Business & Professions
13 Code §§ 17200 *et seq.*, and other law. Plaintiff further requests that the Court
14 award damages pursuant to Civil Code § 54.3 and other law and attorney fees,
15 litigation expenses, and costs pursuant to Civil Code § 54.3, Business &
16 Professions Code §§ 17200 *et seq.*, Code of Civil Procedure § 1021.5, and other
17 law, all as hereinafter prayed for.

18     21.    **DAMAGES:** As a result of the denial of equal access to the subject
19 facilities, and due to the acts and omissions of defendants and each of them in
20 owning, operating, leasing, constructing, altering, and maintaining the subject
21 facilities, plaintiff suffered a violation of his civil rights, including but not limited
22 to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code
23 § 54.3, including damages for physical, mental and emotional injuries, statutory
24 damages, and statutory treble damages, as hereinafter stated.

25     22.    **TREBLE DAMAGES:** At all times herein mentioned, defendants
26 knew, or in the exercise of reasonable diligence should have known, that their
27 barriers and practices at their subject facilities violated disabled access
28 requirements and standards, and had a discriminatory affect upon plaintiff and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -11-     S:\CASES\B\BENBIANA\PLEADINGS\BENBIANA.CMP.wpd

1  upon other physically disabled persons, but defendants have failed and refused to
2  rectify the violations, and presently continue a course of conduct in maintaining
3  architectural barriers that discriminate against plaintiff and similarly situated
4  disabled persons. On information and belief, an award of treble damage pursuant
5  to California Civil Code § 54.3 would be appropriate.

6      23.  **FEES AND COSTS:** As a result of defendants' acts, omissions, and
7  conduct, plaintiff has been required to incur attorney fees, litigation expenses, and
8  costs in order to enforce plaintiff's rights and to enforce provisions of the law
9  protecting access for disabled persons and prohibiting discrimination against
10  disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney
11  fees, litigation expenses, and costs, pursuant to the provisions of Civil Code
12  § 54.3. Additionally, plaintiff's lawsuit is intended to require that defendants
13  make their facilities accessible to all disabled members of the public, justifying
14  "public interest" attorney fees, litigation expenses and costs pursuant to the
15  provisions of California Code of Civil Procedure § 1021.5 and other applicable
16  law.

17      WHEREFORE, plaintiff prays for damages and injunctive relief as
18  hereinafter stated.

19

20  **SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,**
21  **CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH**
**DISABILITIES ACT AS INCORPORATED**
22  **BY CIVIL CODE SECTION 51(f)**

23      24.  Plaintiff repleads and incorporates by reference, as if fully set forth
24  hereafter, the factual allegations contained in Paragraphs 1 through 23 of this
25  Complaint and incorporates them herein.

26      25.  At all times relevant to this complaint, California Civil Code § 51
27  has provided that physically disabled persons are free and equal citizens of the
28  state, regardless of disability or medical condition:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1
2
3
4

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
Cal. Civ. C. § 51(b).

5  26.  California Civil Code § 52 provides that the discrimination by

6  defendants against plaintiff on the basis of his disabilities constitutes a violation

7  of the anti-discrimination provisions of §§ 51 and 52.

8  27.  Defendants' discrimination constitutes a separate and distinct

9  violation of California Civil Code § 52, which provides that:

10
11
12
13
14

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

15  28.  Any violation of the Americans With Disabilities Act of 1990 (as

16  pled in the Third Cause of Action) constitutes a violation of California Civil Code

17  § 51(f) thus independently justifying an award of damages and injunctive relief

18  pursuant to California law. Per § 51(f), "A violation of the right of any individual

19  under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall

20  also constitute a violation of this section."

21  29.  The actions and omissions of defendants as herein alleged constitute

22  a denial of access to and use of the described public facilities by physically

23  disabled persons within the meaning of California Civil Code §§ 51 and 52. As a

24  proximate result of defendants' action and omissions, defendants have

25  discriminated against plaintiffs in violation of Civil Code §§ 51 and 52.

26  30.  **FEES AND COSTS:** As a result of defendants' acts, omissions and

27  conduct, plaintiff has been required to incur attorney fees, litigation expenses and

28  costs as provided by statute in order to enforce plaintiff's rights and to enforce

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -13-

1  provisions of the law protecting access for disabled persons and prohibiting

2  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

3  reasonable attorney fees, litigation expenses and costs pursuant to the provisions

4  of California Civil Code §§ 51 and 52.  Additionally, plaintiff's lawsuit is

5  intended to require that defendants make their facilities and policies accessible to

6  all physically disabled members of the public, justifying "public interest" attorney

7  fees, litigation expenses and costs pursuant to the provisions of California Code

8  of Civil Procedure § 1021.5 and other applicable law.

9       Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

10

11                      **THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

12                        **42 USC §§ 12101 *et seq.***

13      31.  Plaintiff repleads and incorporates by reference, as if fully set forth

14  again herein, the allegations contained in  Paragraphs 1 through 30 of this

15  Complaint, and incorporates them herein as if separately repled.

16      32.  In 1990 the United States Congress made findings that laws were

17  needed to more fully protect "some 43,000,000 Americans [with] one or more

18  physical or mental disabilities;" that "historically, society has tended to isolate

19  and segregate individuals with disabilities;" that "such forms of discrimination

20  against individuals with disabilities continue to be a serious and pervasive social

21  problem;" that "the Nation's proper goals regarding individuals with disabilities

22  are to assure equality of opportunity, full participation, independent living, and

23  economic self-sufficiency for such individuals;" and that "the continuing

24  existence of unfair and unnecessary discrimination and prejudice denies people

25  with disabilities the opportunity to compete on an equal basis and to pursue those

26  opportunities for which our free society is justifiably famous..." 42 USC §12101.

27      33.  In passing the Americans with Disabilities Act of 1990 (hereinafter

28  "ADA"), Congress stated as its purpose:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -14-        S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1    It is the purpose of this Act

2    (1) to provide a clear and comprehensive national mandate for the
     elimination of discrimination against individuals with disabilities;

3

4    (2) to provide clear, strong, consistent, enforceable standards addressing
     discrimination against individuals with disabilities;

5    (3) to ensure that the Federal Government plays a central role in enforcing
     the standards established in this Act on behalf of individuals with
6    disabilities; and

7    (4) to invoke the sweep of congressional authority, including the power to
     enforce the fourteenth amendment and to regulate commerce, in order to
8    address the major areas of discrimination faced day-to-day by people with
     disabilities. (Emphasis added)

9

10   42 USC § 12101(b).

11       34.    As part of the ADA, Congress passed "Title III - Public

12   Accommodations and Services Operated by Private Entities." 42 USC § 12181 *et*

13   *seq.* The subject property and facility is one of the "private entities" which are

14   considered "public accommodations" for purposes of this title, which includes

15   any "restaurant, bar, or other sales or rental establishment serving food or drink."

16   § 301(7)(B).

17       35.    The ADA states that "No individual shall be discriminated against on

18   the basis of disability in the full and equal enjoyment of the goods, services,

19   facilities, privileges, advantages, or accommodations of any place of public

20   accommodation by any person who owns, leases, or leases to, or operates a place

21   of public accommodation." 42 USC § 12182. The specific prohibitions against

22   discrimination included, but were not limited to the following:

23   § 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory

24   to afford an individual or class of individuals, on the basis of a disability or

25   disabilities of such individual or class, directly, or through contractual, licensing,

26   or other arrangements, with the opportunity to participate in or benefit from a

27   good, service, facility, privilege, advantage, or accommodation that is not equal to

28   that afforded to other individuals."

1  § 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

2  practices, or procedures when such modifications are necessary to afford such

3  goods, services, facilities, privileges, advantages, or accommodations to

4  individuals with disabilities...;"

5  § 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure

6  that no individual with a disability is excluded, denied service, segregated, or

7  otherwise treated differently than other individuals because of the absence of

8  auxiliary aids and services...;"

9  § 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

10  barriers that are structural in nature, in existing facilities... where such removal is

11  readily achievable;"

12  § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

13  under clause (iv) is not readily achievable, a failure to make such goods, services,

14  facilities, privileges, advantages, or accommodations available through alternative

15  methods if such methods are readily achievable."

16      The acts and omissions of defendants set forth herein were in violation of

17  plaintiff's rights under the ADA and the regulations promulgated thereunder, 28

18  CFR Part 36 *et seq*.

19      36.  On information and belief, the removal of each of the barriers

20  complained of by plaintiff as hereinabove alleged, were at all times herein

21  mentioned "readily achievable" under the standards §§ 301 and 302 of the ADA,

22  including comparing the cost of removal of each barrier to access against the

23  overall financial resources of all owners, operators, lessors and lessees of the

24  property, and assessing the standards of §§ 301 and 302 of the ADA, as

25  interpreted by Department of Justice regulations and 9th Circuit case law

26  standards.  As noted hereinabove, removal of each and every one of the

27  architectural barriers complained of herein were also required under California

28  law.  Further, on information and belief, alterations, structural repairs or additions

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -16-    S:\CASES\BENBIANA\PLEADINGS\BENBIANA.CMP.wpd

1 since January 26, 1993 have also independently triggered requirements for
2 removal of barriers to access for disabled persons per § 303 of the ADA. In the
3 event that removal of any barrier is found to be "not readily achievable,"
4 defendants still violated the ADA, per § 302(b)(2)(A)(v) by failing to provide all
5 goods, services, privileges, advantages and accommodations through alternative
6 methods that were readily achievable.

7      37.   On information and belief, as of the date of plaintiff's encounter at
8 the subject premises and as of the filing of this Complaint, the premises have
9 denied and continue to deny full and equal access to plaintiff and to other
10 disabled persons, including wheelchair users, in other respects, which violate
11 plaintiff's rights to full and equal access and which discriminate against plaintiff
12 on the basis of his disability, thus wrongfully denying to plaintiff the full and
13 equal enjoyment of the goods, services, facilities, privileges, advantages and
14 accommodations, in violation of §§ 301, 302 and 303 of the ADA. 42 USC
15 §§ 12181, 12182 and 12183.

16      38.   On information and belief, defendants have continued to violate the
17 law and deny the rights of plaintiff and other disabled persons to access this
18 public accommodation since on or before plaintiff's encounters. Pursuant to the
19 ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to the remedies and
20 procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-
21 3(a), as plaintiff is being subjected to discrimination on the basis of disability in
22 violation of the ADA or has reasonable grounds for believing that he is about to
23 be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of
24 § 302(b)(2)(A)(iv) and § 303(a). . ., injunctive relief shall include an order to alter
25 facilities to make such facilities readily accessible to and usable by individuals
26 with disabilities to the extent required by this title."

27      39.   Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the
28 Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -17-

1  Regulations adopted to implement the Americans with Disabilities Act of 1990.

2  Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who

3  is being subjected to discrimination on the basis of disability in violation of Title

4  III and who has reasonable grounds for believing he will be subjected to such

5  discrimination each time that he may attempt to use the property and premises.

6      WHEREFORE, plaintiff prays for damages and injunctive relief as

7  hereinafter stated.

8

9                          **FOURTH CAUSE OF ACTION:**
                        **VIOLATION OF UNFAIR COMPETITION ACT**
10          **(California Business and Professions Code sections 17200 *et seq.*)**

11     40.    Plaintiff repleads and incorporates by reference, as if fully set forth

12  again herein, the allegations contained in Paragraphs 1 through 39 of this

13  Complaint, and incorporates them herein as if separately repled

14     41.    On information and belief, defendants BENIHANA, INC.;

15  BENIHANA NATIONAL CORPORATION; EQUITY ONE, INC.; and

16  ANGELO, GORDON & CO., L.P. are each a for-profit corporation organized

17  under California law.

18     42.    On information and belief, defendants, and each of them, have

19  engaged and are engaged in unfair competition, unfair or fraudulent business

20  practices and unfair, deceptive, untrue or misleading advertising in violation of

21  the Unfair Competition Act. Bus. & Prof. C. §§ 17200 *et seq.*

22     43.    On information and belief, defendants, and each of them, engage in

23  business practices and policies that create systemic barriers to equal access for

24  people with mobility disabilities. Their practice is to create and maintain a public

25  accommodation that contains physical barriers to access in violation of state and

26  federal law, to create and maintain policies that blame the disabled person for

27  his/her inability to achieve equal access, and to offer humiliating false alternatives

28  such as the requirement that disabled persons must request assistance from others,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -18-          S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1  including strangers, in entering the Restaurant, entering and using the restroom,
2  and finding a usable path of travel to reach usable seating, including requiring
3  other patrons to move from their seats in order to allow passage to and from
4  dining seating locations at tables.

5      44.   On information and belief, defendants, and each of them, are in
6  violation of the Americans with Disabilities Act, California Civil Code sections
7  51, 52, 54, and 54.1, California Government Code sections 4450 *et seq*., and
8  California Health and Safety Code sections 19955 *et seq.,* as well as regulations
9  under California Building Code Title 24 and the American with Disabilities Act
10  Standards (ADAAG regulations). State and federal statutory schemes are
11  intended to provide people with disabilities full and equal access to places of
12  public accommodation and businesses, including restaurants. "Full and equal"
13  disabled access has been identified in state and federal decisions as a public
14  policy of the highest order under California law and under the ADA.

15      45.   Violations of these access statues were and are unlawful. Violations
16  of these statutes also violate established concepts of fairness, are immoral,
17  unethical, oppressive and unscrupulous.

18      46.   On information and belief, the unfair business practices and policies
19  were also fraudulent: the Benihana restaurant and its owners and operators holds
20  itself out as a place of public accommodation, welcome to all and code-compliant.
21  It is a very popular restaurant, drawing consumers from all over the area. It is
22  likely to deceive consumers who are disabled into believing it offers full and
23  equal access, particularly because the laws requiring access have been in effect
24  for more than 40 years in California and more than 20 years under federal law,
25  including the Americans with Disabilities Act of 1990, its ADAAG regulations
26  and Department of Justice regulations.

27      47.   The unfair business practices and policies were unfair and injurious
28  to plaintiff, a consumer of the Benihana's goods and services. He suffered injury

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -19-

1    in fact and has lost money or property as a result of defendants' unfair business
2    practices and policies. He took time and effort and spent money to travel to and
3    utilize the goods and services of the Restaurant, on the belief that the Restaurant
4    would be accessible and that he, as a disabled person, would be given full and
5    equal access. He was given less access to the goods and services of the
6    Restaurant than other consumers, although he paid the same price for them as
7    other consumers pay, e.g., he could not use the restroom that is offered to all
8    customers, he could not travel with ease through the Restaurant, he could not sit
9    with ease at the table, and he had to draw unwanted attention to himself in order
10    to obtain the assistance of others, all to his difficulty, discomfort and
11    embarrassment. His enjoyment of the Restaurant's goods and services was
12    reduced further when he complained about the lack of proper access because he
13    was required to spend time trying to obtain access that would otherwise have been
14    unnecessary had defendants not engaged in their unfair practices and policies. He
15    has been forced to expend time and energy to try to remediate the inequality and
16    receive equal goods and services as defendants provide to other consumers.

17    48. Plaintiff seeks relief in the form of such orders, including an
18    injunction or court-enforceable consent decree, as may be necessary to prevent the
19    continued use of defendants' unfair business practices and policies, and seeks
20    restitution to restore to him any money that defendants acquired by means of such
21    unfair competition, including profits unfairly obtained to the extent that these
22    profits represent monies given to the defendants by plaintiff.

23    49. Because enforcement of the panoply of equal access laws for people
24    with disabilities is a public policy of the highest order, plaintiff seeks
25    compensation for his attorney fees, litigation cost and expenses expended in the
26    public interest in bringing this lawsuit. California Code of Civil Procedure
27    § 1021.5.
28    //

# PRAYER

Plaintiff prays that this Court:

1.     Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including but not limited to persons with physical disabilities who use wheelchairs, and issue a preliminary and permanent injunction directing defendants to provide and maintain facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2.     Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3.     Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4.     Award to plaintiff all reasonable restitution for defendants' unfair competitive practices;

5     Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by state and federal law;

6.     Award to plaintiff prejudgment interest pursuant to California Civil Code § 3291;

7.     Grant such other and further relief as this Court may deem just and proper.

//

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -21-          S:\CASES\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1  Dated: May 10, 2013          LAW OFFICES OF PAUL L. REIN

2

3

4  By PAUL L. REIN
   Attorneys for Plaintiff
   AL DE LA CAMPA

5

6

7  ## DEMAND FOR JURY TRIAL

8  Plaintiff hereby demands a jury for all claims for which a jury is permitted.

9

10  Dated: May 10, 2013          LAW OFFICES OF PAUL L. REIN

11

12

13  By PAUL L. REIN
    Attorneys for Plaintiff
    AL DE LA CAMPA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -22-     S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd

1

## **VERIFICATION OF COMPLAINT**

2

(Pursuant to California Code of Civil Procedure § 425.50)

3

4   1.     I am the above-named plaintiff and am suing herein as an individual.

5   2.     I have read the attached Verified Complaint for Injunctive Relief and

6         Damages. I am familiar with the facts alleged therein, and hereby verify

7         that the factual allegations contained in the aforementioned Verified

8         Complaint are true and correct to the best of my information, understanding

9         and belief.

10

11         I verify the above statement under penalty of perjury, and under the

12 law of the State of California, in the City of Oakland, California.

13

14 Dated: May 12, 2013

                                   Plaintiff AL DE LA CAMPA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -23-     S:\CASES\B\BENIHANA\PLEADINGS\BENIHANA.CMP.wpd