IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL DE LA CAMPA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BENIHANA, INC., et al.,<br><br>　　　　　Defendants. | Case No.: C-13-02184 JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE GENERAL ORDER 56 (DKT. NO. 17)** |

　　　　Presently before the Court is Plaintiff's Motion to Enforce General Order 56. (Dkt. No. 17.) Specifically, Plaintiff seeks to compel 1) a site inspection prior to the completion of construction on Defendants' restaurant, and 2) production of Defendants' renovation plans. After carefully considering the parties' arguments, and having had the benefit of oral argument on August 1, 2013, the Court GRANTS in part and DENIES in part Plaintiff's motion.

**DISCUSSION**

**A.　　Site Inspection**

　　　　General Order 56 applies to cases brought under the Americans with Disability Act ("ADA"), and requires, among other things, a site visit to occur no later than 105 days after the filing of the

complaint. *See* N.D. Cal. General Order 56 ("Order 56") ¶ 3 ("No later than 105 days after filing the complaint, the parties and their counsel, accompanied by their experts if the parties so elect, shall meet in person at the subject premises."). Plaintiff's Complaint was filed on May 13, 2013; thus, a site inspection must occur by August 26, 2013. Although Defendants have proposed a site inspection for August 20, 2013, Plaintiff has filed the present motion because he asserts that the site inspection should occur prior to the completion of construction on Defendants' restaurant. Because Defendants agree to participate in a site inspection before the 105-day deadline, the Court fails to see what in Order 56 needs to be enforced. Rather, the Court interprets Plaintiff's motion as seeking a revision of Order 56 for purposes of this case so that Plaintiff may inspect the "premises as they presently exist to preserve evidence relevant to Plaintiff's damages (i.e. conditions at the Restaurant at the time of Plaintiff's visits identified in the Complaint) and assist the parties with continuing their dialogue regarding how best to make the Restaurant accessible." (Dkt. No. 28 at 4-5.)

Under the circumstances of this case, an inspection to take measurements and photos for damages discovery preservation purposes, occurring earlier than the 105-day deadline imposed for an Order 56 site inspection, is warranted. Although construction on the restaurant began in early June, Plaintiff asserts that he needs to document conditions that have not already been changed by the construction for his damages claims.[1] It is not clear to the Court why, if Plaintiff's concern is the preservation of evidence, Plaintiff would wait a month after discovering the construction to file the present motion. (*See* Dkt. No. 29 ¶ 3 (Plaintiff's counsel stating that she went to the restaurant on June 7, 2013 and "construction work was underway"); *see also* Dkt. No. 17 at 2 (stating that Plaintiff first requested a site inspection on June 14, 2013).) A significant portion of what Plaintiff seeks to preserve is presumably already altered. Nonetheless, because construction is still ongoing, Plaintiff shall be allowed to document the conditions at the restaurant mid-construction so that Plaintiff may collect evidence relevant to his state law damages claims. At the hearing, Plaintiff asserted that he does not wish to enter any active construction zone; he simply seeks to document the conditions that

---

[1] Plaintiff is presumably referring to his state law claims as Title III of the ADA does not provide for damages. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

1 exist in the areas of the restaurant currently open to the public. Further, Plaintiff stated that only his
2 expert will attend the inspection, and he and his counsel will not attend. Finally, Plaintiff agreed that
3 his expert will not discuss access barrier issues with Defendants or their employees while conducting
4 the inspection. Any such discussions that do occur will not be admissible. With these parameters in
5 place, the non-Order 56 site visit shall occur as soon as Plaintiff's expert is available and at a time
6 convenient to Defendants.

7 Defendants' arguments to the contrary are unavailing. Defendants contend that it is inefficient
8 and merely increases costs to conduct a site inspection in the middle of the construction, since the
9 parties will have to conduct a second site inspection following completion of the project. This
10 argument, however, ignores Plaintiff's legitimate request to document conditions as they existed
11 during his visit before they are altered. Further, by Defendants' own timeline, it appears that their
12 proposed August 20 post-construction site inspection is overly ambitious. Defendants state that the
13 remodel is projected for completion in "late August 2013 or shortly thereafter." (Dkt. No. 20 at 11.)
14 Given the nature of construction projects, it is prudent to assume that even by August 20, construction
15 will not be complete, thus likely requiring an additional site visit even under Defendants' proposal. In
16 addition, any increase in costs is likely to be minimal since the parties' counsel need not attend, and
17 because if a formal Order 56 site inspection is needed, Plaintiff's expert will need to document only
18 those areas not available to him or her at the earlier inspection; Plaintiff's expert will not need to re-
19 measure areas that are unchanged from the prior visit.

20 Defendants also contend that a site visit during construction contravenes the purpose of the
21 ADA, which is to remedy access barriers as quickly as possible. There is some tension between the
22 ADA's incentive for a defendant to promptly remedy access barriers and the state law's requirement
23 that a defendant preserve evidence for a plaintiff's damages claim. However, Plaintiff is not asking
24 for construction to stop. (*See* Dkt. No. 28 at 4 ("Again, *Plaintiff has not asked for construction to*
25 *stop*.").) Indeed, Plaintiff asserted at the hearing that he does not seek to inspect areas of the
26 restaurant under active construction.

27 Defendants' citation to *Rush v. Islands Restaurants, LP*, 2012 WL 4849016 (S.D. Cal. Oct. 11,
28 2012) is inapposite. In *Rush*, the court denied the ADA plaintiff's request for a preliminary injunction

3

to halt construction, concluding that spoliation of evidence was no concern because evidence of the alleged violations was well documented, discovery was completed, and plaintiff's summary judgment motion was filed. 2012 WL 4849016, at *1. Unlike in *Rush*, Plaintiff has not conducted a site inspection, and discovery has not even commenced, let alone been completed. Thus, *Rush* is distinguishable and Plaintiff's stated concerns regarding preservation of evidence are valid.

### B. Renovation Plans

Plaintiff also asks that the Court order Defendants to allow him to review the construction plans prior to the site visit so that he can "confirm that all relevant access problems are, in fact, being addressed by Benihana." (Dkt. No. 28 at 4.) Although Plaintiff asserts that Defendants' refusal to share construction plans violates Order 56, the Court fails to see any such violation. Order 56 requires that "[i]nitial disclosures required by Federal Rule of Civil Procedure 26(a) shall be completed no later than 7 days prior to the joint inspection and review required by ¶3. . . . All other discovery and proceedings are STAYED unless the assigned judge orders otherwise." *Id.* at ¶ 2. The Order also provides that "in a Title III action, if defendant intends to dispute liability based on the construction or alteration history of the subject premises, defendant shall disclose all information in defendant's possession or control regarding the construction or alteration history of the subject premises." *Id.* Because initial disclosures have yet to be produced, the Court cannot rule on the adequacy of those disclosures. Moreover, although Plaintiff believes his input on the construction will insure compliance with access laws, the Court finds no basis for ordering the construction to take on a collaborative process. Plaintiff's Complaint informs Defendants of the access barriers at issue, and Defendants are entitled to remedy the alleged deficiencies as they see fit, without the involvement of their adversary. Plaintiff's request is accordingly denied.

The Court notes, however, that to the extent Defendants assert their remedial measures as a defense to liability, Order 56, quoted above, requires that Defendants actually produce the disputed renovation plans.

## CONCLUSION

For the reasons stated, the Court GRANTS in part and DENIES in part Plaintiff's motion. A non-Order 56 inspection to take measurements and photos for damages discovery preservation purposes shall occur as soon as Plaintiff's expert is available and at a time convenient to Defendants.

IT IS SO ORDERED.

Dated: August 2, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE