UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL DE LA CAMPA,<br><br>    Plaintiff,<br><br>    v.<br><br>BENIHANA NATIONAL CORPORATION, et al.,<br><br>    Defendants. | Case No. 13-cv-02184-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56; GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO ENFORCE GENERAL ORDER 56; STAYING BRIEFING ON PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 47, 51 |

    Now pending before the Court are 1) Plaintiff's motion for administrative relief from General Order 56, and 2) Defendants' administrative motion to enforce General Order 56. (Dkt. Nos. 47, 51.) Plaintiff's motion requests that the Court schedule a Case Management Conference ("CMC") now that mediation has ended without a settlement agreement. General Order 56 Paragraph 8 provides that "if the case does not resolve at mediation within 7 days of the mediator's filing of a Certification of ADR Session reporting that the mediation process is concluded, plaintiff shall file a Motion for Administrative Relief pursuant to Civil Local Rule 7-11 requesting a [CMC]." Because the mediator has filed a Certification of ADR Session reporting that the mediation process has concluded (Dkt. No. 46), the Court GRANTS Plaintiff's motion and schedules a CMC for **July 10, 2014 at 1:30 p.m.** The parties shall file a joint CMC statement by no later than **July 8, 2014**.

    Defendants' motion seeks an order requiring Plaintiff to 1) disclose all access barriers that he believes Defendants have failed to address, and 2) produce billing records as provided in General Order 56 Paragraph 6. The Court GRANTS Defendants' first request and DENIES the

second request.  Plaintiff shall disclose to Defendants all remaining access violations and the corrective actions required of Defendants in advance of the parties' filing of the joint CMC statement.  Plaintiff's disclosures regarding access shall also be included in the parties' joint CMC statement.  Regarding the billing records, nothing in General Order 56 requires such records to be produced until "the parties reach a tentative agreement on injunctive relief."  Gen. Order 56 ¶ 6.  Because the parties have not reached such an agreement, Plaintiff is not required to provide a billing statement of his attorney's fees.  Plaintiff, however, shall disclose to Defendants an updated dollar figure for his attorney's fees and costs, and such information shall be included in the parties' joint CMC statement.

Finally, the Court STAYS the briefing schedule on Plaintiff's motion to strike.  (Dkt. No. 58.)  The Court will discuss a new briefing schedule with the parties at the July 10 CMC.

**IT IS SO ORDERED.**

Dated: June 30, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge